**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**LMM - CHAPTER 13 PLAN (Individual Adjustment of Debts)**
☒ 3rd  Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ ___ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Rohan Waite          JOINT DEBTOR: ___          CASE NO.: 14-16777-RBR
Last Four Digits of SS# xxx-xx-4070          Last Four Digits of SS# ___

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 36 months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to the creditors pro-rata under the plan: (Filed 03/25/2014)

- A. $ $1,273.38 for months 1 to 16 ;
- B. $ $988.33 for months 17 to 36 ;
- C. $ ___ for months ___ to ___ ; in order to pay the following creditors:

Administrative: Attorney's Fee - $ $3,650 + M2V $750.00 + LMM $2,500 = $6,900    TOTAL PAID $ 1,881
Balance Due   $ $5,019.00 payable $ 313.69 /month (Months 1 to 16 )

Secured Creditors: [Retain Liens pursuant to 11 USC § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Ocwen Loan Servicing LLC
   Address: 12650 Ingenuity Dr; Orlando, FL 32826
   Account No: xxxxx7580

   LMM (estimated payment) -- Including principal, interest, taxes and insurance  $ 843.93 (Months 1 to 36 )
   TPP $ 0.00 /month (Months 0 to 0 )
   Regular Payment $ 0.00 /month (Months 0 to 0 )

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| U.S. Bank National Association, as Trustee, as Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank National Association, as Trustee for RFMSI 2007S6 c/o GMAC Mortgage LLC Attn: Customer Care; POB 4622; Waterloo, IA 50704 Account No. 9721 | Purchased on September, 2004 Single Family home located at 9721 W Elm Lane, Miramar, FL 33025 $ 103,680.00 | 0 | $ 0.00 | 1 To 36 | 0.00 |

Priority Creditors: [as defined in 11 U.S.C. §507]
1. - NONE -    Total Due $ 0.00
              Payable  $ 0.00 /month    (Months 0 to 0)    Regular Payment $ N/A

Unsecured Creditors: Pay $ 54.55 /month (Months 17 to 36 ).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

The Debtor has filed a Verified Motion for Referral to LMM with Ocwen Loan Servicing, LLC ("Lender"), loan number 7580, for real property located at 9721 W Elm Lane, Miramar, FL 33025. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

LF-31 (rev. 01/08/10)

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

**TAX RETURN:** Debtor shall provide copies of yearly income tax returns to the Trustee no later than May 15th during the pendency of the Chapter 13 case. In the event the Debtor's income or tax refunds increase, Debtor shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims.

**Meadows of Miramar Phase II HOA, Inc., Acct. No. 6927:** Debtor is current with Meadows of Miramar Phase II HOA, Inc., Acct. No. 6927 and will continue to pay directly, outside of plan. HOA payment was deducted from 31% LMM payment.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ Rohan Waite
Rohan Waite
Debtor

Date: September 18, 2014